IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FREDERICK HALL, | CIVIL NO. 17-00345 HG-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS |
| vs. | PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AND DENY THE PENDING |
| UNITED STATES ARMY; DEPARTMENT OF VETERANS AFFAIRS; DISABLED AMERICAN VETERANS; OLYMPIC MOVING & STORAGE INC., | MOTIONS AS MOOT |
| Defendants. | |

FINDINGS AND RECOMMENDATION THAT THE
DISTRICT COURT DISMISS PLAINTIFF'S COMPLAINT WITH
LEAVE TO AMEND AND DENY THE PENDING MOTIONS AS MOOT[1]

Plaintiff, proceeding pro se, filed his Complaint on July 18, 2017. ECF No. 1. On July 24, 2017, Plaintiff filed a request that the court issue him a letter of credit in the amount of 15 million dollars. ECF No. 8. On August 9, 2017, Defendant Olympic Moving & Storage, Inc. filed a Motion for a More Definite Statement. ECF No. 11. On August 16, 2017, Defendant Disabled American Veterans filed a Motion to Dismiss. ECF No. 14. After careful consideration of Plaintiff's Complaint and the record in this action, the Court FINDS AND RECOMMENDS that the district

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

court DISMISS Plaintiff's Complaint with leave to amend and DENY the pending motions as moot.

## DISCUSSION

The court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Because Plaintiff is appearing pro

2

se in this action, the Court liberally construes the pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief. In his Complaint, Plaintiff states that he is asserting a claim for violation of his due process rights. See ECF No. 1 at 4. To state a claim for violation of due process, Plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). Here, it appears that Plaintiff is asserting a claim for violation of his due process rights related to his discharge from the United States Army on March 17, 1972. See ECF No. 1 at 5-6.

Plaintiff's Complaint does not identify the liberty or property interest at issue and does not allege any facts regarding the denial of procedural protections. Although Plaintiff alleges that he was about to go on emergency leave by the Red Cross and that he believed his life was being threatened, these allegations do not show that Plaintiff was denied procedural protections by Defendants. See ECF No. 1 at 5. Plaintiff does not allege how these facts relate to his claim against Defendants for a violation of his due process rights.

See id. at 5-6.  Further, Plaintiff does not allege any facts regarding how each Defendant named in the Complaint violated his rights.  The only act alleged in the Complaint is Plaintiff's discharge, which would potentially implicate Defendant United States Army, but there are no facts regarding any action by Defendant Department of Veteran Affairs, Defendant Disabled American Veterans, or Defendant Olympic Moving & Storage, Inc.  The Court is unable to discern a basis in the Complaint for any claim against Defendant Department of Veteran Affairs, Defendant Disabled American Veterans, or Defendant Olympic Moving & Storage, Inc.

In response to Defendant Olympic Moving & Storage, Inc.'s Motion for a More Definite Statement, Plaintiff filed a Response in which Plaintiff states that Defendant Olympic Moving & Storage, Inc. engaged in "discriminatory practices."  See ECF No. 16.  However, there are no factual allegations in the Complaint regarding any actions of Defendant Olympic Moving & Storage, Inc.  See ECF No. 1.  If Plaintiff wishes to assert a claim against Defendant Olympic Moving & Storage, Inc., he must include sufficient factual allegations in his complaint to support that claim.

Finally, to the extent Plaintiff is asserting a claim based on his discharge that occurred in 1972, such claim appears to be barred by the applicable statute of limitations.  Actions

challenging a discharge from the armed services are subject to the six-year statute of limitations set forth in 28 U.S.C. § 2401(a). See Davenport v. England, 222 F. App'x 551, 552 (9th Cir. 2007) (applying six-year statute of limitations to a pro se plaintiff's complaint against the Navy challenging his discharge). Here, Plaintiff's Complaint was filed forty-five years after his discharge, well after the six-year statute of limitations expired.

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint to address the deficiencies identified above. If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference. See Local Rule 10.3. Plaintiff's amended complaint must include short, plain statements telling the court how each named Defendant has injured Plaintiff and what each Defendant did and

how those specific facts create a plausible claim for relief. See Fed. R. Civ. P. 8(a).

Because the Court recommends that Plaintiff's Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint, the Court also RECOMMENDS that the pending motions, including Plaintiff's request for a letter of credit, ECF No. 8, Defendant Olympic Moving & Storage, Inc.'s Motion for a More Definite Statement, ECF No. 11, and Defendant Disabled American Veterans' Motion to Dismiss, ECF No. 14, be DENIED AS MOOT.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DISMISS Plaintiff's Complaint without prejudice;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above after the district court adopts this Findings and Recommendation;

3) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified by the district court will result in the automatic dismissal of this action; and

4) DENY AS MOOT Plaintiff's request for a letter of credit, ECF No. 8, Defendant Olympic Moving & Storage, Inc.'s Motion for a More Definite Statement, ECF No. 11, and Defendant Disabled American Veterans' Motion to Dismiss, ECF No. 14.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 28, 2017.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**HALL V. UNITED STATES ARMY, ET AL.; CIVIL NO. 17-00345 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AND DENY THE PENDING MOTIONS AS MOOT**