IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FREDERICK HALL, | ) | CIVIL NO. 17-00345 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S MOTION FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| UNITED STATES ARMY; | ) | |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS; DISABLED AMERICAN | ) | |
| VETERANS; OLYMPIC MOVING & | ) | |
| STORAGE INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL[1]

Before the Court is Plaintiff's Motion for Appointment of Counsel Under Section 706(f) of the Civil Rights Act of 1964. ECF No. 20. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the materials submitted by Plaintiff, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Appointment of Counsel be DENIED.

BACKGROUND

Plaintiff, proceeding *pro se*, filed his Complaint on

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

July 19, 2017.  ECF No. 1.  In his Complaint, Plaintiff appears to assert a claim for violation of his due process rights related to his discharge from the United States Army on March 17, 1972.  Id. at 5-6.  On August 28, 2017, this Court issued a Findings and Recommendation that the district court dismiss Plaintiff's Complaint without prejudice and grant Plaintiff leave to file an amended complaint.  See ECF No. 17.  The district court adopted the Findings and Recommendation on September 14, 2017, and gave Plaintiff until October 16, 2017, to file an amended complaint.  ECF Nos. 21, 22.

## DISCUSSION

As an initial matter, the Court notes that Plaintiff requests counsel pursuant to Section 706(f) of the Civil Rights Act of 1964, which authorizes courts to appoint counsel to represent plaintiffs who are pursuing claims of employment discrimination based on race, color, religion, sex, or national origin.  See 42 U.S.C. § 2000e-5(f).  Based on the Court's review of Plaintiff's initial Complaint, there was no indication that Plaintiff was asserting such a claim.  See ECF No. 17.  Accordingly, Plaintiff is not entitled to appointed counsel under this statute.

To the extent Plaintiff is requesting counsel based on his financial situation, the court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) only

under "exceptional circumstances," taking into account the "likelihood of success on the merits" and the "ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations and quotations omitted).

First, it is not clear from Plaintiff's Motion for Appointment of Counsel that Plaintiff is indigent. See ECF No. 20. Although Plaintiff states that he is no longer employed, he indicates that he received $60,000 in the past year in workman's compensation or disability insurance benefits. Id. Based on the information provided, Plaintiff's income appears to exceed the poverty threshold. See Annual Update of the Health and Human Services Poverty Guidelines, 82 Fed. Reg. 8831-32 (Jan. 31, 2017) (stating that the poverty guideline for a two-person household in Hawaii is $18,670).

Second, as noted above, the court has determined that Plaintiff's initial Complaint fails to state a claim, which weighs against an appointment of counsel. See ECF Nos. 17, 21. Plaintiff does not provide any other information in his Motion for Appointment of Counsel that presents an extraordinary circumstance to appoint counsel. Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Appointment of Counsel be DENIED.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Motion for Appointment of Counsel Under Section 706(f) of the Civil Rights Act of 1964 be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 15, 2017.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**HALL V. UNITED STATES ARMY, ET AL.; CIVIL NO. 17-00345 HG-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

4